# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTTIE ELSWICK,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0583** (BOR Appeal No. 2050987)
                            (Claim No. 2014010192)

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scottie Elswick, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability award that Mr. Elswick is entitled to for his compensable injury. This appeal arises from the claims administrator's June 26, 2014, decision granting a 1% permanent partial disability award. The Office of Judges affirmed the decision in its November 24, 2015, Order. The Board of Review then affirmed the Office of Judges' Order on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Elswick, a continuous mine operator, was injured in the course of his employment on September 24, 2013, when he was struck by a large rock. Treatment notes from Charleston Area Medical Center that day indicate that he was at work when a fourteen foot long piece of rock rolled on top of him, crushing him underneath and causing him to twist at the hips and pinning his right leg underneath. X-rays of the right tibia and fibula showed calcific densities which could be the result of old avulsion fractures or unfused ossification center. There were no acute fractures. X-rays of the right knee also showed calcific densities but no acute fractures. Mr. Elswick was diagnosed with right medial collateral ligament sprain, right hip pain, and right

1

anterior shin pain. On October 4, 2013, the claim was held compensable for right hip strain, right knee sprain/strain, and right lower leg/shin strain.

Paul Bachwitt, M.D., performed an independent medical evaluation on January 27, 2014, in which he diagnosed right hip, right knee, and right ankle sprains/strains with classic findings of a torn meniscus in the right knee. He felt there was a causal relationship between the diagnoses and the compensable injury. Dr. Bachwitt opined that Mr. Elswick had not yet reached maximum medical improvement and recommended a right knee arthroscopy as requested by Stanley Tao, M.D. On June 6, 2014, Dr. Bachwitt again evaluated Mr. Elswick and found that he had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 1% whole person impairment. The claims administrator granted Mr. Elswick a 1% permanent partial disability award on June 26, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on January 13, 2015, in which he diagnosed chronic post-traumatic strain of the right knee, status post partial lateral menisectomy and medial plica excision on February 20, 2014, as well as chronic post-traumatic strain of the right ankle. He found that Mr. Elswick had reached maximum medical improvement and assessed 8% whole person impairment, representing 4% for the ankle and 4% for the foot. On April 27, 2015, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he diagnosed right hip strain and right knee sprain. He found a causal relationship between the right knee and hip symptom and the compensable injury. He found Mr. Elswick had reached maximum medical improvement and diagnosed 1% impairment.

The Office of Judges affirmed the claims administrator's grant of a 1% permanent partial disability award on November 24, 2015. It noted that Eastern Associated Coal, LLC, argued that Dr. Guberman's rating was excessive and unreliable. Dr. Bachwitt found 1% impairment and seven months later, Dr. Guberman assessed 8% impairment, though he failed to provide evidence of a progression or worsening of Mr. Elswick's condition. The Office of Judges found that Dr. Guberman's report provided no explanation for the large increase in impairment between exams. The Office of Judges noted that Eastern Associated Coal, LLC, further argued that Dr. Guberman used another table for rating a worse range of motion on Mr. Elswick's knee than Dr. Bachwitt, who correctly rated the right knee partial menisectomy using the specific table designed for that rating. The Office of Judges concluded that a preponderance of the evidence shows that Mr. Elswick is entitled to a 1% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Guberman's findings are disproportionate and out of line with the other independent medical evaluations of record. Mr. Elswick was assessed with 1% impairment both before and after Dr. Guberman's report. The evaluations of Dr. Bachwitt and Dr. Mukkamala are more reliable than that of Dr. Guberman.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker